UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. MOORE,

      Plaintiff,

v.                                                                                       Case No. 05-60180
                                                                                   Hon. Sean F. Cox

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to remand and Defendant's Motion for summary judgment. A Report and Recommendation ("R&R") filed by Magistrate Mona K. Majzoub on August 18, 2006, recommends granting Defendant's Motion and denying Plaintiff's motion. For the following reasons, the Court adopts the R&R; denies Plaintiff's Motion to remand; and, grants Defendant's Motion for summary judgment.

### I.   BACKGROUND

This action arises out of Defendant's denial of disability benefits to Plaintiff. Plaintiff claims she is disabled due to heart and urinary problems; asthma; hypertension; diabetes; and chronic cough. These ailments are allegedly exacerbated by Plaintiff's obesity. Plaintiff is 5'8 and weighs 310 pounds.

Plaintiff filed for supplemental security income ("SSI") on September 20, 2001 and disability insurance benefits ("DIB") on April 10, 2003. She claimed she was unable to work

1

since September 20, 2001.  Her application was denied on April 5, 2002.

Plaintiff requested a hearing.  A de novo hearing was held March 2, 2004 before Administrative Law Judge ("ALJ") John A. Ransom.  The ALJ determined Plaintiff was not disabled and denied benefits.  The Appeals Council denied review on June 1, 2005.

Plaintiff filed an appeal to this Court on July 28, 2005.  On November 8, 2005, Plaintiff filed a Motion for remand pursuant to Sentence Four of 42 USC §405(g).  In lieu of a response, Defendant filed a Motion for summary judgment on November 25, 2005.

The Motions were referred to Magistrate Majzoub who issued an R&R on July 24, 2006. Plaintiff filed an objection on August 18, 2006.

## II.    STANDARD OF REVIEW

This Court must review the Administrative Law Judge's decision to determine whether it is supported by "substantial evidence."  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way.  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).  This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed.  *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).  In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently.  *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.

1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, nor make credibility determinations. *Id.*

### III.   ANALYSIS

There are five factors that the Social Security Agency uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) she is not presently engaged in gainful employment; and 2) she suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) she did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies her burden, the burden shifts to the Commissioner for the fifth factor to show that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

####    A.   ALJ Decision

The ALJ denied Plaintiff benefits at step five. He found that based on the medical evidence, Plaintiff's testimony and the testimony of a vocational expert, Plaintiff had the RFC to perform a restricted range of light work. For example, the ALJ found Plaintiff could work as an inspector; an order clerk; or a self-service gas station attendant.

### B. Plaintiff's Motion to Remand

Plaintiff seeks a remand pursuant to sentence four of 42 USC §405(g), "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

Plaintiff argues that the ALJ failed to "perform the required individualized assessment of the impact of [Plaintiff's] obesity on her functioning as specified by SSR 02-01p." [Motion, p. 4]. Plaintiff contends the ALJ should have considered each of her severe impairments in combination with her obesity to determine whether she was disabled.

Plaintiff also argues the ALJ erred by not doing a function-by-function assessment of her ability to perform basic work activities. Plaintiff claims a function-by-function analysis could not have lead to a conclusion that she could perform light work.

### C. Defendant's Motion for Summary Judgment

In lieu of a response to Plaintiff's Motion for Remand, Defendant filed a Motion for summary judgment. Defendant claims the ALJ properly assessed Plaintiff's impairments, singly and in combination. Further, it asserts that the ALJ did consider Plaintiff's function by function limitations when defining the hypothetical that included her limitations.

### D. Plaintiff's Response

Plaintiff responded to Defendant's Motion that the ALJ did not consider her obesity in relation to her other severe impairments, *i.e.*, diabetes, asthma, back pain, knee pain, and angina. According to Plaintiff, if the ALJ had considered the effect of Plaintiff's obesity on her impairments, he would have determined Plaintiff was only able to perform sedentary work rather

than light work.[1]

### E. Report and Recommendation

Magistrate Majzoub recommended that the Court deny Plaintiff's Motion for remand and grant Defendant's Motion for summary judgment. Magistrate Majzoub found the ALJ did consider Plaintiff's obesity in combination with her other impairments. Additionally, Magistrate Majzoub found Plaintiff's argument that the ALJ did not do a function-by-function assessment of her limitations unavailing. Magistrate Majzoub notes that the only issue Plaintiff takes with the determination that she could do light work is the requirement that Plaintiff walk/stand for 6 hours in an 8 work day. However, Magistrate Majzoub points out that the ALJ included a restriction that Plaintiff have the option to sit for 6 hours out of an 8 hour work day.

### F. Plaintiff's Objections

Plaintiff filed objections to the R&R. Plaintiff reiterated the argument from her Motion to remand. She claims the ALJ did not properly consider her obesity in combination with her other impairments. Plaintiff contends the ALJ's ruling that Plaintiff did not have an impairment that met a listing, either singly or in combination, was merely boilerplate.

Additionally, Plaintiff asserts for the first time that the ALJ erroneously formulated his decision based on a 12 hour workday, rather than the required 8 hour workday.

Defendant filed a Response refuting Plaintiff's allegations.

### F. Analysis

The Court adopts the R&R issued by Judge Majzoub.

---

[1] Based on her age and educational level, if Plaintiff were found to only be able to do sedentary work, she would automatically be found disabled.

Plaintiff's first contention is that the ALJ erred because he did not "do an individualized assessment of the impact of obesity on [Plaintiff's] functioning when deciding whether the impairment was severe." SSR 02-01p, ¶6. However, the ALJ cited to Plaintiff's testimony and medical evidence and found that Plaintiff had several severe impairments, *i.e.*, diabetes; asthma; back and knee pain; obesity; and angina. [Tr., p.20]. Further, the ALJ found the impairments were not severe enough "to meet or medically equal, *either singly or in combination*" one of the listed impairments [Tr., p.20](emphasis added). Although, he found Plaintiff's obesity "*obviously aggravates her condition*" [Tr., p. 22](emphasis added).

Plaintiff asserts that the Court should ignore this language, calling it boilerplate. Plaintiff fails to adduce any evidence that the ALJ did not make such considerations. Plaintiff's assessment that the ALJ's determination is incorrect is not a basis to conclude he did not actually consider Plaintiff's impairments properly in his determination. Moreover, Plaintiff concedes she is not arguing she even met one of the listed impairments. [Plaintiff's Response, p.2].

Undoubtedly, the ALJ found Plaintiff's obesity "severe" and viewed it singly and in combination with her other impairments to find that she did not meet a listing, based on the medical evidence. SSR 02-01p states that the ALJ should not make "assumptions about the severity or functional effects of obesity combined with other impairments" each case is evaluated on the evidence in the record. The ALJ satisfied the requirements of SSR 02-01p.

Plaintiff also contends the ALJ erred by not conducting a function-by-function assessment of Plaintiff's limitations. However, the ALJ reviewed the medical evidence and Plaintiff's own testimony, and determined that Plaintiff had several functional limitations. Specifically, the ALJ determined Plaintiff had an RFC for "light work with a sit/stand option, no

repetitive bending, twisting or turning, no crawling, squatting, kneeling, or climbing and work in a well controlled environment free from dust, smoke and fumes." [Tr., p. 22]. This finding indicates the ALJ considered Plaintiff's functional limitations, and indeed restricted the range of work she could perform based on her limitations.

The only evidence Plaintiff points to as support for her claim that the ALJ did not do a function-by-function assessment is the ALJ's alleged finding that the Plaintiff could stand or walk 6 hours out of an 8 hour work day. According to Plaintiff, the ALJ could not have made this finding if he properly assessed Plaintiff's functional limitations. However, the ALJ did not make such a finding. He found Plaintiff required a sit/stand option. [Tr., p. 22]. The language relied on by Plaintiff comes from the ALJ's reference to a prior agency assessment. The ALJ did not find Plaintiff is able to stand or walk for 6 hours in an 8 hour workday. In addition, there is no evidence whatsoever to support a finding that the ALJ erroneously formulated his decision based on a 12 hour workday.

Accordingly, the ALJ made the proper assessment and his decision is supported by substantial evidence.

## IV.   CONCLUSION

For the foregoing reasons, the Court adopts the R&R; denies Plaintiff's Motion for remand; and grants Defendant's Motion for summary judgment.

**IT IS SO ORDERED.**

 S/ Sean F. Cox
SEAN F. COX
**DATED: September 27, 2006**                              **United States District Judge**

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. MOORE,

    Plaintiff,

v.    Case No. 05-60180
    Hon. Sean F. Cox

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## PROOF OF SERVICE

The undersigned certifies that the foregoing opinion and order was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on September 27, 2006.

    s/Jennifer Hernandez
    Case Manager to
    District Judge Sean F. Cox